SAMUEL, Judge.
Plaintiff, an appliance manufacturer, instituted this suit against defendant, a motor freight carrier, for the sum of $1,433.25, the amount due on a c.o.d. shipment which defendant failed to collect from a consignee who went bankrupt. Judgment was rendered in favor of plaintiff in the amount claimed. Defendant has appealed.
The facts are as follows: On September 27, 1977 plaintiff prepared two bills of lading covering household appliances to be shipped to the same consignee. Both called for collection on delivery, one for the sum of $1,433.25 and the other for $613.20.
Both shipments were received by the carrier on September 20 and for the purpose of a more favorable freight rate were treated as one by the defendant. When the merchandise was delivered to the consignee defendant collected only $613.20, the amount shown on the second page.
In this court appellant contends there was only one bill of lading consisting of two parts, and thus they were correct in collecting only the amount shown on page 2 or, alternatively, the negligence of appellee was responsible for the failure to collect the full amount of c.o.d. charges. We do not agree with either contention.
Appellant relies on two alleged violations of the National Motor Freight Classification Tariff 100-E which shippers and carriers are required to follow. That provision reads in pertinent part:
“SECTION 1.
Shipments must be tendered on ‘Uniform straight’, ‘Straight Bill of Lading — Short Form’, or ‘Straight’ bill of lading forms as shown on pages 256 through 259, 263 and 264 of the Classification.
The letters ‘COD’ must be stamped, typed or written on all such bills of lading and shipping orders immediately before name of consignee; OR, ‘COD’ in red letters at least one (1) inch in height with thickness of stroke 14 inch thick or greater must be stamped or printed across the face of all bills of lading and shipping orders. Only one COD amount may be shown and may not be subject to change dependent upon time or conditions of payment. The name and street and post office address of consignor and consignee must be shown on bill of lading and shipping order.”
The first violation complained of is that the stamped c.o.d. letters in red at least one inch in height and xk inch thick appear only in one place on the two-part bill of lading, namely on the second page, calling for collection of $613.20, and NOT on the first page, calling for collection of $1,433.25.
We note on the original bill of lading, the letters “COD” are typed immediately before the name of the consignee, which complies with the above quoted provision, and is also prominently noted with asterisks elsewhere on the bill calling for collection on delivery of $1,433.25 on Bill of Lading # 11073035, and for collection on delivery of $613.20 on Bill of Lading # 11703036.
The stamped “COD” to which appellant refers is shown only on the freight bills[1] introduced in evidence by appellant, indicating appellant stamped “COD” only on the second bill of lading. Since the stamped “COD” appears only on the appellant freight bill and not on the bill of lading, it is clear that it and not the appellee treated the two bills of lading as one. It also is clear that each bill of lading had a different number and that both bills were clearly and prominently marked to indicate different c.o.d. charges.
The fact that the shipments were picked up from appellee on the same day for delivery to the same consignee may have led appellant to regard both shipments as one order, but there is no evidence in the record showing appellant was misled by appellee, or that the latter violated any rule of the National Motor Freight Classification Tariff 100-E, particularly in view of the fact *551 that appellee did show only one c.o.d. amount on each bill of lading. If appellant regarded the two bills of lading as one bill consisting of two parts, it did so at its own peril and due to its own negligence, and not due to negligence on the part of appellee.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Testimony indicated the freight bills are prepared by photocopying the bill of lading and superimposing the carrier’s heading.